UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

KEITH WARD )
        Plaintiff, )
)    SECOND AMENDED JUDGMENT
v. )
)    No. 7:15-CV-164-FL
AUTOZONERS, LLC )
        Defendant. )

**Decision by Court and Jury.**

That this action came before The Honorable Louise W. Flanagan, United States District Judge, for consideration of defendant's motion for partial judgment as a matter of law. Subsequent to the court's ruling as to this motion, the claims in this action were tried by a jury with The Honorable Louise W. Flanagan presiding, and the jury rendered a verdict fully favorable to the plaintiff. Thereafter, this action came before The Honorable Louise W. Flanagan on defendant's renewed motion for judgment as a matter of law and defendant's motion to alter judgment.

**IT IS ORDERED, ADJUDGED AND DECREED** that, by mandate of the United States Court of Appeals for the Fourth Circuit, defendant's renewed motion for judgment as a matter of law is granted.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, for the reasons set forth in the court's orders dated August 22, 2018, and June 8, 2020, defendant's motion to alter judgment is denied.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiff DID establish by a preponderance of the evidence that Christina Atkinson's conduct toward him created a hostile working environment on the basis of his sex, in violation of Title VII of the Civil Rights Act of 1964, that defendant knew or should have known of Christina Atkinson's conduct toward him, and that defendant failed to take prompt and adequate action to stop Christina Atkinson's conduct toward him. Plaintiff is entitled to recover $100,000.00 in compensatory damages on his Title VII sexual harassment claim.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiff DID NOT establish by a preponderance of the evidence that defendant failed to promote him to a full-time position because he made complaints of sexual harassment, in violation of Title VII of the Civil Rights Acts of 1964.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that plaintiff DID establish by a preponderance of the evidence that defendant intentionally inflicted severe emotional distress on plaintiff by ratifying Christina Atkinson's conduct. Plaintiff is entitled to recover $150,000.00 in compensatory damages on his intentional infliction of emotional distress claim.

**This Judgment Filed and Entered on June 24, 2020, and Copies To:**
Giselle B. Schuetz  (via CM/ECF Notice of Electronic Filing)
Laura J. Wetsch (via CM/ECF Notice of Electronic Filing)
Shilpa A. Narayan (via CM/ECF Notice of Electronic Filing)
Rebecca J. Houlding (via CM/ECF Notice of Electronic Filing)
George J. Oliver (via CM/ECF Notice of Electronic Filing)
Jeffrey R. Whitley (via CM/ECF Notice of Electronic Filing)
Laurie M. Riley (via CM/ECF Notice of Electronic Filing)
Tracy E. Kern (via CM/ECF Notice of Electronic Filing)

June 24, 2020                              PETER A MOORE, JR., CLERK
                                              /s/ Sandra K. Collins
                                           (By) Sandra K. Collins, Deputy Clerk